**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ROBERT LAPOINTE, JR.,
on behalf of himself and all other
similarly situated employees,

                    Plaintiff,

            v.                                      No. 16-CV-216
                                                      (GTS/CFH)

TARGET CORPORATION,

                    Defendant.

---

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

**APPEARANCES:**                                          **OF COUNSEL**

Paul Hastings LLP                          JEFFREY D. WOHL, ESQ.
55 Second Street, 24th Floor
San Francisco, California 94105
—
75 East 55th Street                       SARA BRADY TOMEZSKO, ESQ.
New York, New York 10022
Attorneys for Defendant

Nilan Johnson Lewis PA             JOSEPH G. SCHMITT, ESQ.
120 South Sixth Street, Suite 400    DAVID A. JAMES, ESQ.
Minneapolis, Minnesota 5540
Attorneys for Defendant

Law Firm of Louis Ginsberg, P.C.    LOUIS GINSBERG, ESQ.
1613 Northern Boulevard
Roslyn, New York 11576
Attorney for Plaintiff

Outten & Golden LLP                 JAHAN C. SAGAFI, ESQ.
One Embarcadero Center, 38th Floor
San Francisco, California 94111
—

| | |
|---|---|
| 685 Third Avenue, 25th Floor<br>New York, New York 10017<br>Attorneys for Plaintiff | MELISSA L. STEWART, ESQ.<br>CARA B. CHOMSKI, ESQ. |
| Gleason, Dunn, Walsh & O'Shea<br>40 Beaver Street<br>Albany, New York 12207<br>Attorneys for Plaintiff | RONALD G. DUNN, ESQ. |

# DECISION AND ORDER

Presently pending before the Court is plaintiff's motion to compel discovery. Dkt. No. 55. Defendant has opposed the motion. Dkt. No. 64. Plaintiff has filed a reply. Dkt. No. 66. For the reasons which follow, plaintiff's motion to compel is granted in part and denied in part.

## I. BACKGROUND

Plaintiff began his employment with defendant in April 2011. Dkt. No. 35 ¶ 23 ("Pl.'s Am. Compl."). Plaintiff was employed as a Group Leader Trainee from April 2011 until July 2011. Id. As a Group Leader Trainee, plaintiff was required to complete training activities and shadow Group Leader Trainers. Id. ¶ 24. He was employed as a Group Leader from July 2011 until approximately May 21, 2015. Id. ¶ 23. As a Group Leader, plaintiff was generally responsible for handling routine data entry and paperwork, communicating defendant's daily production goals to warehouse workers, traveling throughout the warehouse to assist with workflow issues, and assisting hourly workers with their assigned manual tasks. Id. ¶ 25. In both positions plaintiff regularly worked in excess of forty hours per week without receiving overtime compensation. Id. ¶ 27.

Defendant misclassified Group Leader Trainee's as exempt from the overtime requirements of the New York Labor Law ("NYLL") and misclassified Group Leaders as

exempt under both the NYLL and Fair Labor Standards Act ("FLSA"). Pl.'s Am. Compl. ¶¶ 7-9. In approximately 2013, defendant recognized that Group Leader Trainees were misclassified and reclassified that position as non-exempt. Id. ¶ 10.

Plaintiff commenced this action in New York State Supreme Court, New York County. Dkt. No. 1-1. On January 28, 2016, a Notice of Removal was filed. Dkt. No. 1. On February 18, 2016, defendant filed an answer to the complaint. Dkt. No. 9.

On June 3, 2016, plaintiff filed an amended complaint. Dkt. No. 35. On July 1, 2016 defendant filed a partial motion to dismiss the amended complaint. Dkt. No. 40. On February 14, 2017, the Court issued a Decision and Order granting defendant's partial motion to dismiss pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6). Dkt No. 68. Plaintiffs remaining claims allege that defendant: (i) misclassified plaintiff and other class members as exempt employees under the FLSA; (ii) failed to compensate them for hours which they worked in excess of 40 hours per week; and (iii) failed to record, report, and/or preserve records documenting how much time they worked in violation of the FLSA. Dkt. No. 1-1. Plaintiff seeks to represent a class of present and former employees of defendant who were or are employed in defendant's warehouses nationwide alleging that defendant misclassified such employees as exempt from the overtime requirements of the FLSA.

During the course of discovery, a dispute arose between the parties regarding plaintiff's demand that defendant provide plaintiff a class list comprised of class members including names, addresses, phone numbers, email addresses, and other contact information. Dkt. No. 58. The parties were unable to resolve their differences without the need for court intervention. On July 7, 2016, plaintiff requested that the Court schedule a

conference to address the dispute regarding, among other things, the production of the names and contact information for proposed class members. Dkt. No. 41. Defendant objected to the scheduling of the discovery conference contending that the parties had not completed the meet and confer process. Dkt. No. 42. On July 12, 2016, the Court issued a text order scheduling a conference for August 16, 2016. Dkt. No. 43.

A discovery conference was conducted on August 16, 2016. See Text Entry dated Aug. 16, 2016. The Court set a briefing schedule for the pending motion to compel. Dkt. No. 51.

Plaintiff seeks an order compelling defendant to: (1) produce contact information for all potential class members nationwide; (2) produce electronically stored information applicable to the proposed FLSA class; and (3) provide information about defendant's communications with class members regarding this litigation. Dkt No. 56. Defendant objects to these requests on numerous grounds including that they are overbroad, burdensome, seek irrelevant information and are premature. Dkt. No. 64.

## II. LEGAL ANALYSIS

### A. The Discovery Standard

The scope of discovery is set forth in Rule 26 of the Fed. R. Civ. P. The December 2015 amendment to Rule 26 now defines the scope of discovery to consist of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." FED. R. CIV. P. 26(b)(1). The specific proportionality factors to be considered are "the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

Rule 1 of the Fed. R. Civ. P. requires that the rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1; see FED. R. CIV. P. 1 advisory committee's note to 2015 amendment (noting that "the parties share the responsibility to employ the rules in the same way").

### B. FLSA

Under the FLSA, "employers are required to compensate covered employees for all the work performed, including overtime, in order to remedy 'labor conditions detrimental to the maintenance of the minimum standard of living necessary for the health, efficiency, and general well-being of workers.'" Bowens v. Atlantic Maintenance Corp., 546 F. Supp. 2d 55, 81-82 (E.D.N.Y. 2008) (quoting 29 U.S.C. §§ 202(a), 207(a)(1)) (additional citation omitted). Specifically, the FLSA requires that employers pay employees one and one-half times the normal rate of pay for working in excess of forty hours per week. 29 U.S.C. § 207(a)(1).

### C. Contact Information for Potential Class Members Nationwide

Plaintiff seeks an order compelling "[d]efendant to produce a computer-readable data file containing, for each member of the FLSA collective and NYLL class: (a) full name; (b) last known mailing address(es); (c) last known telephone number(s); (d) last known email

address(es); (e) dates and location of employment; (f) job titles; and (g) Social Security number ('Class List'), within five days of the Court's order." Dkt. No. 55 at 1. Plaintiff contends that the courts in the Second Circuit routinely compel defendants to produce class list information prior to collective and class certification. Dkt. No. 56 at 7. Defendant contends that plaintiff's request is, among other things, overly broad, premature, and unnecessary for plaintiff to file his motion for conditional certification. Dkt. No. 64 at 14-15. Defendant further alleges that plaintiff's counsel is seeking this discovery, at least in part, in an effort to solicit additional clients. Id. at 20.

Courts in this Circuit have disagreed over whether to grant precertification discovery or the extent of such discovery to permit. Compare Da Silva Moore v. Publicis Groupe, 868 F. Supp. 2d 137, 169-70 (S.D.N.Y. 2012) (noting discovery should be limited to the named plaintiffs and company policies prior to class certification) with Whitehorn v. Wolfgang's Steakhouse, Inc., No. 09 Civ. 1148(LBS), 2010 WL 2362981, at *2 (S.D.N.Y. June 14, 2010) ("While some district courts have exercised this discretion to deny pre-certification disclosure of contact information, the weight of authority in this district counsels in favor of allowing such disclosures in FLSA cases.") (citations omitted). The determination whether to permit precertification discovery is entirely within the discretion of the court. "Given the Supreme Court's direction that 'the broad remedial goal of the [FLSA] should be enforced to the full extent of its terms,' pre-certification discovery is appropriate to enable the [p]laintiff to define the class and identify similarly situated employees." Whitehorn, 2010 WL 2362981, at *2 (quoting Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 173 (1989)). Thus, "[p]re-certification discovery of employee contact information will enable [the] [p]laintiff to make a fuller showing at the conditional certification stage, or reveal that the collective

action is not suitable for certification." Whitehorn, 2010 WL 2362981, at *2 (citation omitted); Fei v. WestLB AG, No. 07 Civ. 8785(HB/FM), 2008 WL 7863592, at *2 (S.D.N.Y. Apr. 23, 2008) ("[C]onditional certification is not a prerequisite to the turnover of information concerning the identity of potential class members. . . . Indeed, the information that [the plaintiff] seeks obviously will be of considerable help to [the plaintiff] in his efforts to define the class. . . .") (citation omitted).

The Court agrees that the broad discovery which plaintiff is seeking is not appropriate at this time. In fashioning this discovery demand plaintiff has made no effort to adhere to the proportionality factors which are set forth in Fed. R. Civ. P. 26(b)(1). The Court further shares defendant's concern that plaintiff's counsel is seeking information regarding potential plaintiffs in an effort to identify additional clients. Dkt. No. 64 at 19-20. The Court has also weighed the potential plaintiffs' reasonable expectation of privacy. See Boice v. M+W U.S., Inc., 130 F. Supp.3d 677, 699 (N.D.N.Y. 2015). Having considered the arguments of counsel, and Rule 26(b)(1) of the Fed. R. Civ. P., defendant is directed to provide plaintiff with the names, addresses and email addresses for a random sample of thirty percent of the nationwide putative class within thirty (30) days from the date of this Decision and Order.

### D. Electronically Stored Information

Plaintiff seeks an order compelling defendant to "produce classwide electronically-stored information ("ESI") (including email searches for custodians other than those who directly interacted with the named plaintiff) and other class-wide discovery pertaining to the full scope of the proposed FLSA collective and NYLL class." Dkt. No. 55 at 2. Defendant

objects to this request as premature, overly broad and burdensome. Dkt. No. 64. Defendant contends that the offer which it extended to plaintiff to search ESI for fourteen custodians who will likely have information relevant to plaintiff's claims is reasonable at this stage of the litigation. Dkt. No. 64-1 at 4 .

The Court would note that at the time this discovery demand was served plaintiff was alleging, among other things, that defendant misclassified plaintiff and other class members as exempt employees under the NYLL, failed to compensate them for time that they worked in excess of forty hours per week, failed to properly record and preserve records indicating how much time each employee worked in violation of the NYLL and failed to provide plaintiff and other class members with accurate wage statements in violation of the NYLL.  Pl.'s. Am. Compl. ¶¶ 23, 26, 59.  Plaintiff's claims pursuant to the NYLL were dismissed by the Decision and Order of Chief District Judge Glenn T. Suddaby, filed on February 14, 2017. Dkt. No. 68.  As such, much of the information which plaintiff originally sought is no longer relevant.

The Court would further note that it is unclear what additional information plaintiff is seeking with this demand.  To the extent that plaintiff is seeking discovery with respect to the entire potential class, this Court has already determined that such a demand is overly broad and not proportional to the information which plaintiff will need to pursue conditional class certification in violation of Rule 26 of the Fed. R. Civ. P. See section II.C supra.

Given the dismissal of plaintiff's claims pursuant to the NYLL, and as it is unclear to the Court what ESI plaintiff is seeking at this time, this portion of plaintiff's motion to compel is denied without prejudice to serving a discovery demand which is more specific and reflects the current state of the pleadings.

**E. Communication by Defendant with Potential Class Members**

Plaintiff seeks an order compelling defendant to disclose "the relevant details about its communications with Class Members during the pendency of this lawsuit, including documents provided to Class Members and scripts used in speaking with Class Members, and to cease further communications with Class Members about the litigation until the Court has ruled on the appropriate safeguards required in the future communications by Target with Class Members, if any." Dkt. No. 55 at 2. Plaintiff contends "[i]t is easy to understand how a defendant employer's position of power over current employees may lead employees to believe it is in their interests to participate in their employer's defense efforts." Dkt. No. 56 at 12. While plaintiff believes that there are some indications defendant may have engaged in improper ex parte communications, he cannot point to any specific examples of such conduct. Id. at 15.

Defendant argues that plaintiff's request is overbroad and unnecessary as there is no evidence that defendant has engaged in a coercive or inappropriate contact with potential class members. Dkt. No. 64 at 26-27. In the absence of such evidence, there is no reason to limit such communication between an employer and potential class members. Bobryk v. Durand Glass Mfg. Co., Inc., No. 12-CV-5360(NLH/JS), 2013 WL 5574504, at *4 (D. N.J. Oct. 9, 2013). Defendant further contends that certain of the information which plaintiff seeks is protected from discovery as attorney work product. Dkt. No. 64 at 27.

In response, plaintiff contends that he is not seeking draft affidavits or other protected work product. Plaintiff seeks to address concerns that defendant, by engaging in ex parte conversations with putative class members, many of whom are employees of defendant, "may run afoul of class members' rights, contrary to the principles derived from

-9-

Rule 23, and the Court's general case management authority." Dkt. No. 56 at 12.

Rule 23 of the Fed. R. Civ. P. governs class actions. In view of the complex nature of a collective action brought pursuant to the FLSA, the early intervention of the District Court is advisable. See Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169-71 (1989). Given the "potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." Gulf Oil Co. v. Bernard, 452 U.S. 89, 100 (1981). Where a court is contemplating imposing limits on communication between an employer and potential class members, the court must balance the need for such limitation with the potential interference with the rights of the parties. Fengler v. Crouse Health System, Inc., 634 F.Supp.2d 257, 261 (N.D.N.Y. 2009). A court may not restrict communications "without a specific record showing by the moving party of the particular abuses by which it is threatened." Gulf Oil Co., 452 U.S. at 102.

Here, plaintiff cannot point to any specific conduct of defendant that is coercive or otherwise inappropriate. Dkt. No. 56 at 12. The Court rejects plaintiff's contention that due to the nature of the employer-employee relationship, any communication between such parties are inherently coercive. See Forauer v. Vermont Country Store, Inc., No. 5:12-CV-276, 2013 WL 6086202, at *4 (D. Vt. Nov. 19, 2013). "The test for coercion is whether the conduct somehow overpowers the free will or business judgment of the potential class members." Jenifer v. Delaware Solid Waste Authority, No. Civ.A.98-270(MMS),1999 WL 117762, at *5 (D. Del. Feb. 25, 1999). An "order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of

the parties." Gulf Oil Co., 452 U.S. at 101.  Ex parte communications between defense counsel and putative class members "are not abusive communications that warrant limitations absent indication in the record of the need for limitations."  Christensen v. Kiewit-Murdock Inv. Corp., 815 F.2d 206, 213 (2d Cir. 1987); Austen v. Catterton Partners V, LP, 831 F.Supp.2d 559, 565 (D. Conn. Apr. 6, 2011).

Plaintiff contends that defendant's conduct in Stroud v. Target Corp., No. 10-cv-01583 (ADM/LIB), Dkt. No. 66 (D. Minn. July 15, 2011) indicates the need for court intervention to protect the rights of putative class members.  Dkt. No. 66 at 15-16. Defendant, somewhat ironically, cites Stroud in support of it's position that Court intervention in this matter is unnecessary.  In Stroud defendant interviewed and obtained declarations from 295 Group Leaders which were introduced into evidence in connection with defendant's opposition to plaintiff's motion for conditional class certification pursuant to the FLSA.  Dkt. No. 64 at 29-31.  Prior to conducting such interviews, each putative class member was provided by defendant with a notice entitled "Who We Are and Purpose of the Interview."  Dkt. No. 57-4.  Plaintiff alleges that the notice in Stroud

> did not adequately explain, in clear terms easily understandable to a non-lawyer: (1) that "these positions do not meet the test for exemption" meant that Class Members arguably should have been paid overtime when they worked more than 40 hours per week; and (2) "your interests could be adverse to Target's interests" meant that their declarations would be used to support Target's arguments that it does not have to pay Class Members for the overtime worked in the past or future.

Dkt. No. 66 at 15-16.

Defendant contends that the Who We Are statement "covered all of the essential points to ensure that the interview was conducted in a voluntary, non-coercive matter [sic]. .

-11-

. ." See Dkt. No. 64 at 29-31.

The Who We are document provides putative class members with substantial information regarding the interview process including: (1) the interviews are being conducted by an attorney who represents defendant; (2) the interviews are being conducted in response to a lawsuit that has been filed against defendant alleging defendant has misclassified Group Leaders as being exempt from the FLSA; (3) the person being interviewed is asked if they are represented by an attorney regarding this litigation, and makes clear that the interview will be stopped if in fact they are represented by an attorney; (4) the person being interviewed is advised that participation is entirely voluntary and that any responses will not be used for performance evaluation purposes and will not be shared with the employee's supervisor; (5) the employee is repeatedly advised that participation in an interview is entirely voluntary and that no action will be taken against any employee who declines to be interviewed; (6) the employee is advised that the employee will not receive any benefit for participating in the interview; (7) the employee is advised that the attorney conducting the interview represents defendant and that the employee's interests could be adverse to defendant's interests; and (8) the employee is advised that they are entitled to a copy of the statement.

The Court finds that the Who We Are statement provides employees with substantial and detailed information regarding the interview process. In order to make certain that all further interviews of putative class members are voluntary, and conducted in a non-coercive fashion, the Court is directing that the statement be modified to indicate the length of any such interview, the location of the interview, and who was present during the course of such interview. The statement should also clearly provide in plain language that the declaration

will be used by defendant in defending a potential lawsuit by present and former employees who allege that defendant failed to pay them over time in violation of the FLSA. The amended form should further indicate how much time the employee was allowed to review any declaration which any employee is asked to sign.

In view of the foregoing, plaintiff's motion directed to communication by defendant with potential class members is **GRANTED** to the limited extent that in conducting any future interviews, defendants will provide all employees with the Who We Are statement as amended by this Decision and Order, and is **DENIED** in all other respects.

### III. CONCLUSION

For the reasons stated herein, is hereby

**ORDERED**, that plaintiff's motion to compel discovery (Dkt. No. 55) is granted in part and denied in part as set forth above; and it is further

**ORDERED** that the Clerk of the Court serve copies of this Decision and Order on the parties in accordance with the Local Rules.

Dated:      March 24, 2017
               Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge